IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

FILED
DES MOINES, IOWA
01 FEB -2 PM 3: 25
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

| | |
|---|---|
| BANDAG, INC. ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 3-99-CV-80165 |
| MICHELIN RETREAD TECHNOLOGIES, ) INCORPORATED, AND MICHELIN ) NORTH AMERICA, INCORPORATED ) | |
| Defendants. ) | MICHELIN DEFENDANTS AND COUNTERCLAIMANTS' MOTION FOR PRELIMINARY INJUNCTION |
| MICHELIN RETREAD TECHNOLOGIES, ) INCORPORATED, AND MICHELIN ) NORTH AMERICA, INCORPORATED ) | |
| Counterclaimants, ) | ORAL ARGUMENT AND EXPEDITED HEARING REQUESTED |
| v. ) | |
| BANDAG, INCORPORATED ) | |
| Counterdefendant, ) | |
| and ) | |
| BRIDGESTONE/FIRESTONE, INC. ) | |
| Counterdefendant. ) | |

Defendants and counterclaimants Michelin Retread Technologies, Inc. and Michelin North America, Inc. ("Michelin"), pursuant to Federal Rule of Civil Procedure 65(a) and Section 16 of the Clayton Act, 15 U.S.C. § 26, respectfully move this Court to enjoin counterdefendants Bandag, Inc. ("Bandag") and Bridgestone/Firestone, Inc. ("Bridgestone"), together with their officers, agents,

180

servants, employees, attorneys and all other persons in active concert or participation with them, during the pendency of this action and until such time as a permanent injunction or final judgment issues, from:

1. Taking any further action by agreement, concerted action, coordination, joint undertaking or mutual understanding that precludes competitor access to retread dealers and retread customers;

2. Conditioning the provision, grant, availability or eligibility of funds, assistance, cooperation, inducements, franchise rights, or anything else of value, to any tire dealer upon that tire dealer's agreement, understanding, promise or undertaking not to deal with, adopt, trade in, license, use or become a franchisee of any competitor's retread system, including but not limited to retread systems offered by Michelin;

3. Enforcing any existing Bandag franchise agreement entered into as a direct result of the anticompetitive and concerted action between Bridgestone and Bandag, including but not limited to those Bandag franchise agreements entered into by White Tire, Bob Sumerel Tire, and Valley Tire, further <u>provided</u> that, within ten (10) days from the date of this Order, Bridgestone and Bandag shall separately account to the Court and identify each and every other tire dealer to whom inducements were offered, or to whom threats of franchise termination were made, in return for that dealer's agreement, understanding, promise or undertaking not to deal in competitors' retread systems;

4. Enforcing any exclusivity provision or clause in any agreement or contract between Bandag and any tire dealer, or between Bridgestone and any tire dealer, the effect of which is to forbid, preclude, prohibit or discourage that tire dealer from dealing with, adopting, trading in, licensing, using or becoming a franchisee of any competitor's retread system, and specifically from enforcing any radius of miles or geographic territories in which a truck tire dealer may not deal with,

adopt, trade in, license, use or become a franchisee of any competitor's retread system, of whatever nature or method (precure or moldcure);

5. Communicating with one another by whatever medium about any competitive subjects including but not limited to (a) retread tire customers including trucking fleets, (b) retread system competitors, (c) retread tire prices, (d) independent tire dealers, (e) retread tire products, (f) retread tire research and development, (g) retread tire manufacturing processes and (h) retread tire distribution, provided that Bridgestone and Bandag may communicate with one another about their own vendor/vendee relationships with one another that involve the direct purchase of products by Bridgestone or Bandag from each other or their wholly-owned subsidiaries;

6. Selling, assigning, leasing or otherwise transferring any assets to one another, including but not limited to any intellectual property, know-how, fixed asset, contract, trademark, and/or wholly-owned tire dealership or other distribution asset;

7. Forming any joint venture, alliance, merger, joint undertaking, joint marketing or joint distribution agreement, or any other combination of the assets, stocks, business interests or pursuits of or between Bandag and Bridgestone that relate to retreading; and

8. Coordinating the investment of resources into distribution channels, including but not limited to truck tire dealer facilities, equipment for manufacturing, marketing or distributing retread tires, marketing and advertising, and financial assistance to dealers.

As set forth more fully in Michelin's Second Amended Counterclaims, the affidavits and sworn deposition testimony and business records accompanying this motion, and the supporting memorandum of law, defendants are violating federal antitrust law, 15 U.S.C. § 1, by conspiring to foreclose competition in the domestic market for commercial truck tire retread systems. Bandag and Bridgestone are direct competitors in that market. But in response to competitive entry from

Michelin, Bridgestone and Bandag have illegally joined forces to combat competition by whatever means necessary. Among other things, Bridgestone and Bandag are orchestrating a group boycott of competitive retread systems by tire dealers, coercing and inducing such dealers not to deal in retread systems that compete with either Bridgestone's or Bandag's retread system. Moreover, Bridgestone and Bandag are dividing geographic markets and allocating customers pursuant to an unlawful agreement suspending competition between their two firms.

As set forth more fully in the accompanying materials, Michelin's injuries and losses are directly caused by Bandag and Bridgestone's unlawful conduct, and Michelin's injuries and losses are immediate and irreparable and cannot be adequately remedied by monetary relief. Michelin has no way to predict what future conduct the conspirators might undertake in order to undermine its efforts to compete, nor to fully account for the extent of future harm that it, and retread customers, may incur. By contrast, if Bandag and Bridgestone are compelled to comply with the requested injunction, they would suffer little hardship because each would be free to pursue its independent business -- only unlawful collusion and its incidents would be enjoined. Moreover, the law should not and does not recognize hardship that flows from abstention of illegal conduct. The harms to Michelin, other retread systems competitors, tire dealers and customers if an injunction does not issue outweigh any harm to Bandag and Bridgestone if the injunction does issue.

There is a substantial likelihood that Michelin will prevail on the merits under well-established and straightforward Eighth Circuit precedent holding that agreements of the type challenged here are illegal *per se* under the Sherman Act.

This motion is based on this document, the Notice of Motion, the supporting memorandum of law, all Bandag and Bridgestone business records submitted, as well as the business records of Michelin and others, sworn deposition testimony, supporting declaration of John Rice, the Second

Amended Counterclaims and all other papers and records on file in this action and any evidence to be introduced and argument made at the hearing on this motion.

## CONCLUSION

For the foregoing reasons, and as set forth more fully in the accompanying memorandum of law and all supporting exhibits and declaration and the Second Amended Counterclaims, Michelin respectfully requests that this motion be granted. Oral argument and expedited hearing are requested.

DATED: February 2, 2001

Respectfully Submitted,

_____
Edward W. Remsburg
AHLERS, COONEY, DORWEILER, HAYNIE, SMITH & ALLBEE, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
515-243-7611

John B. Williams
Thomas E. Gilbertsen
Michael H. Knight
COLLIER SHANNON SCOTT, PLLC
3050 K. Street, N.W., Suite 400
Washington, D.C. 20007
202-342-8400

Ronald T. Coleman, Jr.
William K Whitner
PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street, Suite 2400
Atlanta, GA 30308
404-815-2400

Attorneys for Michelin
Defendants/Counterclaimants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the parties herein by mail, to the following counsel for defendant Bandag on this 2nd day of February, 2001.

>David J. Meloy
>STANLEY, LANDE & HUNTER
>301 Iowa Avenue, Suite 400
>Muscatine, Iowa  52761
>
>J. Patrick McDavitt
>BRIGGS AND MORGAN
>2400 IDS Center
>80 South Eight Street
>Minneapolis, Minnesota  55402
>
>Adam Hoeflich
>BARTLIT, BECK, HERMAN, PALENCHAR
>   & SCOTT
>Courthouse Place
>54 West Hubbard Street
>Chicago, Illinois 60610
>
>David B. Fein
>WIGGIN & DANA
>Three Stamford Plaza
>301 Tresser Boulevard
>Stamford, Connecticut 06901
>
>Melinda F. Levitt
>FOLEY & LARDNER
>3000 K Street, N.W.
>Washington, D.C.  20007
>
>Thomas P. McNulty
>Jones, Day, Reavis & Pogue
>77 West Wacker
>Chicago, Illinois 60601

*Ed Remsburg* (signature)
Edward W. Remsburg

JVANRYSWYK\262715\1\